CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ASHANN RA, ) | |
|     Plaintiff, ) | Civil Action No. 7:24-cv-00406 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| INTEL OFFICER TAYLOR, ) | Chief United States District Judge |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ashann Ra, a Virginia inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint alleging claims related to his incarceration at River North Correctional Center. (*See* Dkt. No. 1.) Plaintiff was granted leave to file an amended complaint, which was filed on September 23, 2024. (Dkt. No. 17.) Before the court are four motions filed by plaintiff requesting certain types of preliminary injunctive relief. (Dkt. Nos. 19, 33, 34, 39.) These motions will be denied.

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Three of Ra's motions request a transfer from River North. (Dkt. Nos. 19, 33, 34.) Such motions are considered motions for injunctive relief. *See, e.g.*, *Campbell v. Smith*, C.A. No.

0:08-3668-PMD-PJG, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). However, in his fourth motion (Dkt. No. 39), Ra represents that he has been transferred to Keen Mountain Correctional Center.[1] Accordingly, his requests for transfer from River North are moot. *See, e.g.*, *Uzzle v. Boyd*, Case No. 7:23CV00640, 2025 WL 952251, at *4 (W.D. Va. Mar. 28, 2025) (noting that "a prisoner's transfer or release from a particular prison moots his claims for injunctive relief with respect to his incarceration there") (citing *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009)).[2]

Plaintiff also requests access to the law library and certain legal materials. Again, to the extent that these requests are related to his time at River North (Dkt. No. 19), those motions are rendered moot by plaintiff's transfer. Now at Keen Mountain, Ra asks for an order directing "defendants" to return his legal property and allow access to the law library. (Dkt. No. 39.) The only defendant in this action is Taylor, an Intel Officer at River North who has no authority over any aspect of plaintiff's incarceration at Keen Mountain, including his access to legal materials. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World*

---

[1] This is confirmed by the Virginia Department of Corrections' Inmate Locator. *See* https://vadoc.virginia.gov/general-public/inmate-locator/ (last visited 4/9/25).

[2] Even though Ra broadly requests to be transferred out of the "Western Region" (Dkt. No. 34), his request is still moot because the conditions of confinement he complains about were at RNCC.

*Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).  If Ra needs additional time to comply with a court deadline, courts freely grant extension motions for prisoners in such circumstances.  *See Acoolla v. Angelone*, 186 F. Supp. 2d 670, 672 (W.D. Va. 2002) (denying prisoner motion for injunctive relief asking for access to legal materials).

    Based on the foregoing, it is HEREBY ORDERED that plaintiff's motions for injunctive relief (Dkt. Nos. 19, 33, 34) and for an order instructing defendants to provide legal property (Dkt. No. 39) are DENIED.  The Clerk shall send a copy of this memorandum opinion and order to Ra and to all counsel of record.

    Entered: May 6, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge